Raymond O. Aghaian (SBN 218294)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Tel: (310) 820-8800
Fax: (310) 820-8859
Email: raghaian@bakerlaw.com

*Attorneys for Respondent*
DREAMHOST, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Third Party Subpoena Issued to DreamHost, LLC<br><br>WPENGINE, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DreamHost, LLC,<br><br>　　　　　Respondent. | **Case No.** 8:25-mc-00025-MRA-DFM<br><br>Related Case No. 3:24-cv-06917-AMO in the United States District Court for the Northern District of California<br><br>**RESPONDENT DREAMHOST, LLC'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO WPENGINE, INC.'S MOTION TO COMPEL**<br><br>**MAGISTRATE JUDGE**: Douglas F. McCormick<br>**HEARING**: December 16, 2025<br>**TIME:** 10 a.m. |

DreamHost, LLC ("DreamHost") respectfully submits this memorandum in opposition to Plaintiff WP Engine, Inc.'s ("WPE") motion to compel production of documents in response to WPE's third-party subpoena. WPE's motion should be denied or substantially narrowed upon resolution of a motion to dismiss filed in the underlying action. WPE's requests remain overbroad, unduly burdensome, and seek highly confidential commercial information from a direct competitor, a nonparty, without first exhausting party and public discovery.  DreamHost has engaged in good faith efforts to minimize burden, including offering to authenticate public materials and providing technical disclosures, but WPE insists on expansive and intrusive discovery that is not justified under the Federal Rules.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(1) requires that a party serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(3)(B) further mandates that courts quash or modify subpoenas that require disclosure of "a trade secret or other confidential research, development, or commercial information."

Courts afford nonparties heightened protection from discovery, especially where the nonparty is a direct competitor of the requesting party.  *See Kim v. NuVasive*, Inc., 2011 WL 3844106, at \*2 (S.D. Cal. Aug. 29, 2011) ("Non-parties deserve extra protection from the courts.") (citing *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995)).  Discovery from nonparties must be strictly proportional, and courts routinely require parties to exhaust party and public sources before burdening nonparties with discovery requests.

## II.    ARGUMENT

### A.    WPE's Subpoena Remains Overbroad, Unduly Burdensome, and Disproportionate

Despite WPE's assertion that it has "narrowed" its requests, the subpoena still seeks broad categories of documents spanning more than a decade, including internal

communications, analyses, and confidential business information. Many requests are not limited in time, scope, or custodians, and would require DreamHost to search through over 20 years of records. WPE's requests are particularly burdensome given that DreamHost is a relatively smaller, independent company and a direct competitor of WPE.

Courts in this Circuit routinely require that discovery from nonparties be strictly limited and proportional, especially where the nonparty is a competitor and the requests seek sensitive commercial information. Here, WPE's requests would require DreamHost to undertake extensive ESI collection, review, and privilege logging at substantial cost, with little or no showing that such information is unavailable from parties or public sources.

**B.     WPE Has Not Shown That the Requested Information Is Unavailable from Parties or Public Sources**

WPE's requests largely target information that is either in the possession of Defendants or is publicly available. For example, WPE seeks documents regarding DreamHost's listing on wordpress.org and statements by Defendants—subjects that are either public or within the control of the parties.

Courts have held that "[t]here is simply no reason to burden nonparties when the documents sought are in possession of the party defendant." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007). Accordingly, courts routinely require parties to exhaust discovery from opposing parties before burdening nonparties. *See Davis v. Pinterest, Inc.*, 2021 WL 3044958, at *3 (N.D. Cal. July 20, 2021) ("In general, there is a preference for parties to obtain discovery from one another before burdening non-parties."); *Genus Lifesciences Inc. v. Lannett Co., Inc.*, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019); *Soto v. Castlerock Framing & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012); *see also Free Stream Media Corp. v. Alphonso Inc.*, Case No. 8:17-mc-00011-CJC (KESx), 2017 WL 11632962, at *2-4 (C.D. Cal. 2017) (denying motion to compel nonparty subpoena responses

where relevance of information sought was outweighed by undue burden of production; ordering party-first discovery and limiting subpoena to documents non-duplicative of party discovery); *Waymo LLC v. Uber Technologies, Inc.*, Case No. 17-cv-939-WHA (JSC), 2017 U.S. Dist. LEXIS 105394, at *10-11 (N.D. Cal. July 7, 2017) (granting nonparty Lyft's motion to quash after first addressing party discovery; "Most of Defendants' requests are addressed by the Court's ruling on Defendants' motion to compel Plaintiff's production of documents. To the extent Defendants seek additional documents from Lyft, they have not demonstrated a substantial need.").

DreamHost has offered to provide declarations authenticating public website captures and social media content, and has already provided a technical disclosure responsive to WPE's request regarding WordPress default settings.  WPE has not demonstrated that it cannot obtain the information it seeks from Defendants or public sources, nor has it identified any concrete deficiency in party discovery.

C.    **The Requests Seek Highly Confidential Commercial Information Irrelevant to the Underlying Action.**

Several of WPE's requests seek DreamHost's internal analyses, reports, and customer information, including the identity and reasons for switching of former WPE customers who became DreamHost customers.  Such information is highly sensitive, implicates third-party privacy and contractual obligations, and is not relevant to the claims or defenses in the underlying litigation.  Even under a protective order, disclosure to a direct competitor risks irreparable harm and are protected against such disclosure under Rule 45(d)(3)(B). *See In re Apple iPhone Antitrust Litig.*, 2020 WL 5993223, at *3 (N.D. Cal. Oct. 9, 2020); *In re eBay Seller Antitrust Litig.*, 2009 WL 10677051, at *4–5 (W.D. Wash. Aug. 17, 2009).

WPE's assertion that a protective order is sufficient to protect DreamHost's interests is misplaced.  DreamHost did not negotiate or agree to the existing protective order, and the risk of competitive harm is not eliminated by an attorneys' eyes only

designation.  The existing stipulated protective order allows disclosure to a broad range of individuals, including outside counsel, experts, court personnel, and certain vendors, and even permits disclosure to experts who may have worked for or with competitors in the past five years, subject only to notice and objection procedures. The order does not provide for heightened protections such as redaction, in camera review, or categorical privilege logging for nonparty materials. Nor does it require the parties to demonstrate a compelling need for each category of nonparty information before disclosure.  The order's procedures for challenging designations, objecting to expert disclosures, and seeking judicial intervention are designed for parties, not nonparties. The order also lacks robust notice provisions to alert DreamHost if its information is at risk of being disclosed in open court, to a jury, or in public filings. DreamHost would be forced to monitor the litigation and bear the burden of objecting to improper disclosures or uses of its information, without the same access or resources as the parties.

**D.      The Requests Are Not Tailored to the Claims or Defenses and Are Not Proportional**

WPE's requests are not tailored to the actual claims or defenses in the underlying litigation. For example, WPE seeks DreamHost's internal market analyses and contribution records, but these are not relevant to the elements of WPE's claims or to any defense. Courts have held that market definition and competitive conditions are objective inquiries, not ones that depend on a nonparty competitor's views. *See Brown Shoe Co. v. United States*, 370 U.S. 294, 325 (1962); *Coronavirus Reporter v. Apple, Inc.*, 85 F.4th 948, 955 (9th Cir. 2023). Similarly, ***DreamHost's*** internal contribution records are not probative of WPE's claims regarding Defendants' statements about ***WPE's*** own contributions.

**E.      The Motion to Compel Should Be Denied Pending Resolution of Defendants' Motion to Dismiss in the Underlying Action.**

On November 17, 2025, Defendants in the underlying action filed a motion to

-4-

dismiss the Second Amended Complaint, including specifically all of WPE's antitrust claims. (*See WPEngine, Inc. v. Automattic Inc.*, Case No. 3:24-cv-06917-AMO, Dkt. 209). This Court should deny the motion to compel pending resolution of Defendants' motion to dismiss in the underlying action. *See In re Vitamins Antitrust Litigation*, 267 F. Supp. 2d 738, 742-43 (S.D. Ohio 2003) (denying motion to compel nonparty subpoena responses where motion to dismiss pending in underlying case, which if granted would eliminate the need for the information sought by subpoena).

### F.  Any Production Should Be Strictly Limited, Sequenced, and Subject to Additional Protections

If the Court is inclined to order any production, it should require WPE to first exhaust party and public discovery, limit any nonparty production to a narrow window, specified custodians, and non-privileged, non-duplicative communications actually exchanged with Defendants, and require categorical privilege logging. Any production should be subject to a nonparty-specific outside attorneys' eyes only protocol, and DreamHost should be permitted to satisfy public-content requests by authentication declaration rather than document collection.

### III.  CONCLUSION

For the foregoing reasons, DreamHost respectfully requests that the Court deny WPE's motion to compel in its entirety, or, in the alternative, deny the motion to compel pending resolution of Defendant's motion to dismiss in the underlying action, and then substantially narrow the scope of any required production under appropriate nonparty protections.

Dated:  December 2, 2025

Respectfully submitted,
BAKER & HOSTETLER LLP

By:  */s/ Raymond O. Aghaian*
Raymond O. Aghaian

*Attorneys for Respondent*
DREAMHOST, LLC

-5-
DREAMHOST, LLC'S SUPPLEMENTAL MEMORANDUM OF LAW
*In re Third Party Subpoena Issued to DreamHost, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the above document will be served at the time of filing on all counsel of record via the Court's electronic filing system.

/s/ Raymond O. Aghaian
Raymond O. Aghaian