QUINN EMANUEL URQUHART & SULLIVAN LLP
Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
Gregory A. Fuoco (SBN 308073)
gregfuoco@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Plaintiff WPEngine, Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Third Party Subpoena Issued to DreamHost, LLC<br><br>WPENGINE, INC., a Delaware corporation,<br><br>       Plaintiff,<br><br>   vs.<br><br>DREAMHOST, LLC,<br><br>       Respondent. | **Case No.** 8:25-mc-00025-MRA-DFM<br><br>Related Case No. 3:24-cv-06917-AMO in the United States District Court for the Northern District of California<br><br>**PLAINTIFF'S BRIEF IN SUPPORT OF ADDING MICHAEL RODRIGUEZ AS DREAMHOST, LLC CUSTODIAN**<br><br>Date:  April 28, 2026<br>Time:  1:30 p.m.<br>Ctrm:  6B<br>Judge:  Magistrate Douglas McCormick |

Pursuant to this Court's April 16, 2026 order (Doc. 24), Plaintiff WPEngine, Inc. ("WPE") submits this brief in support of its request to add Michael Rodriguez, the Chief Executive Officer and co-founder of DreamHost, LLC ("DreamHost"), as a custodian for document production in response to WPE's third-party subpoena to DreamHost (the "Subpoena").

## **Background**

The Subpoena arises from WPE's claims against Automattic, Inc., its CEO, Matt Mullenweg, and WooCommerce Inc. (together, "Defendants"), in *WPEngine, Inc. v. Automattic Inc., et al.*, Case No. 3:24-cv-06917-AMO (N.D. Cal.) ("*Automattic*"). WPE's Third Amended Complaint alleges, among other things, that Defendants engaged in a scheme to extract revenue-based payments from WordPress hosting companies by leveraging purported trademark rights in the "WordPress" and "WooCommerce" marks. *See generally* Third Amended Complaint, *Automattic* (Feb. 10, 2026), ECF No. 233. The Subpoena seeks records related to the underlying litigation, including DreamHost's financial relationship with Defendants, Defendants' trademark licensing demands, DreamHost's use of WordPress-related trademarks, and Defendants' conduct toward third-party hosting companies. *See generally* Joint Stipulation, Doc. 1-1.

Despite extensive meet and confer efforts, DreamHost refused to produce *any* records responsive to the Subpoena. *See id.* Accordingly, the Parties went through this Court's joint stipulation process. *See id.* Following oral argument on December 16, 2025, this Court directed the Parties to negotiate custodians and search terms and to move forward with production in response to WPE's document requests. *See* Doc. 10. Per the Court's instructions, WPE sent DreamHost a proposed list of six custodians, including DreamHost CEO Michael Rodriguez. *See* Doc. 12 at 2. DreamHost opposed Rodriguez's selection as a custodian, representing that he was "not involved in the day-to-day decision-making related to WordPress products/offerings or the company's involvement in the WordPress community." *Id.* Relying on DreamHost's

-1-

representation, WPE agreed to exclude Rodriguez from the initial custodian list, expressly reserving the right to revisit the issue "should new information indicate that [Rodriguez is] likely to possess responsive records." *Id*.

On April 6, 2026, DreamHost made its first document production in response to the Subpoena. Doc. 23 at 4. WPE expeditiously reviewed DreamHost's production. As WPE suspected, DreamHost's production contained critical evidence highly relevant to WPE's case.[1] *See, e.g.*, Ex. 1 at 2–3 (█████████████████ ████████████████████████████). The produced documents also made clear that additional critical evidence existed on the personal devices of DreamHost's custodians. *See, e.g.*, Ex. 2 at 2 █████████████████████ ███████████████████████████ (emphasis added)). And despite DreamHost's prior representations to the contrary, the records showed that Rodriguez was directly involved with the matters at issue in the Subpoena.

### Rodriguez Likely Possesses Unique and Responsive Records

The core issue at the heart of DreamHost's relevance to this litigation is Defendants' pattern of demanding revenue-based payments from WordPress hosting companies. DreamHost's records make clear that ███████████████████ █████████████████████████████████████████████████. *See Alta Devices, Inc. v. LG Elecs., Inc.*, 2019 WL 8757255, at *1 (N.D. Cal. Feb. 20, 2019) (permitting new custodians when there is "a factual basis to believe that [they have] relevant information").

**Rodriguez as** ███████████████████: In a conversation on September 13, 2024, ███████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████

---

[1]    In conformance with the discussion at the April 16, 2026 status conference, WPE transmitted the unredacted version of this filing to this Court's email address, alongside any exhibits designated as Attorneys' Eyes Only.

PLAINTIFF'S BRIEF IN SUPPORT OF ADDING MICHAEL RODRIGUEZ AS DREAMHOST, LLC CUSTODIAN
*In re Third Party Subpoena Issued to DreamHost, LLC*



In another Slack thread on September 25, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ These were not passing mentions, but ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

On key issues, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In the September 13 conversation, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 2 at 2. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 3. In the same conversation, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

These records do not paint a picture of a disengaged CEO. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Setting aside ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, the nature of the decisions at issue independently warrants adding him as a custodian. DreamHost has repeatedly represented that it is a small company. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 6 at 2. The decision ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is not the kind of decision

that is made without CEO involvement, especially at a small, tight-knit company. The notion that Rodriguez was not consulted about or involved in these discussions—or that he does not possess his own records on the matter—is not credible.

**Rodriguez's Control of Relevant Information:** During the September 13 conversation, █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

DreamHost's reliance on Kashuba's later statement that "Matt always talks directly to me" is misplaced. *See* Doc. 22 at 4. Even accepting that Kashuba was the primary point of contact for external communications with Mullenweg, that fact says nothing about Rodriguez's internal records. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. The question is not limited to whether Rodriguez was texting Mullenweg directly; it is whether Rodriguez possesses internal communications, analyses, or decision-making records reflecting his involvement in the matters at issue. █████████████████████████████████████████████████████████

_____

[2] █████████████████████████████████████████████████████████████ DreamHost agreed without objection to Dunst's inclusion as a custodian, ████████████████████████████████████████████████████████████████. But at no point in the custodian negotiations did DreamHost suggest that Dunst was unlikely to have responsive records, ████████████████████████████████████████████. Yet DreamHost refuses to produce records for Rodriguez, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**Rodriguez's** ██████████████████████████████: In a 2020 email, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Later on, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

## **Conclusion**

For the foregoing reasons, WPE respectfully requests that the Court order DreamHost to add Michael Rodriguez as a custodian. The production makes clear that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ His records should be collected, reviewed, and produced on an expedited basis.

PLAINTIFF'S BRIEF IN SUPPORT OF ADDING MICHAEL RODRIGUEZ AS DREAMHOST, LLC CUSTODIAN
*In re Third Party Subpoena Issued to DreamHost, LLC*

Dated:  April 23, 2026                    Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

By  /s/ Michael E. Williams
       Michael E. Williams
       *Attorney for Plaintiff*
       *WPEngine, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the redacted version of the above document will be served at the time of filing on all counsel of record via the Court's electronic filing system, and the unredacted version will be served over email.

/s/ Michael E. Williams
Michael E. Williams

PLAINTIFF'S BRIEF IN SUPPORT OF ADDING MICHAEL RODRIGUEZ AS DREAMHOST, LLC CUSTODIAN
*In re Third Party Subpoena Issued to DreamHost, LLC*