UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SA MC 25-00025-MRA (DFM) | Date: | April 29, 2026 |
|---|---|---|---|
| Title | WP Engine, Inc. v. DreamHost, LLC | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

**Proceedings:**   **(IN CHAMBERS)** Order re: Additional Custodian Dispute

This is a subpoena-related dispute arising out of an action in the Northern District of California. The moving party is WP Engine, Inc., the plaintiff in the underlying action. It seeks to enforce the compliance of a subpoena issued to DreamHost, LLC.

I have worked with counsel for the last several months to resolve several of their disputes cooperatively. After several months, those disputes have narrowed, and the parties have presented a second of their remaining disputes to me. See Dkt. 27 (order ruling on first dispute about redacted communications). This time, I asked for briefs from both sides, which they have provided. See Dkt. 25, 26.

Here is a short background. For DreamHost's production of documents, the parties worked to agree on a list of search terms and a set of custodians. During those discussions, the parties disputed whether DreamHost's CEO, Michael Rodriguez, should be one of those custodians. Ultimately, WP Engine agreed to exclude Rodriguez as a custodian subject to revisiting that decision should new information indicate that he is likely to possess responsive records. See Dkt. 12 at 2.

Now, based on DreamHost's production, WP Engine asserts that DreamHost should be ordered to add Rodriguez as a custodian and his records collected, searched, reviewed, and produced in accordance with the parameters to which the parties have already agreed. See Dkt. 25 at 5. WP Engine argues that DreamHost's production demonstrates that Rodriguez "likely possesses unique and responsive records," given his role as DreamHost's final decision-maker, his involvement with the underlying issues, and the extent of his direct

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

communications with Matt Mullenweg, the CEO of Automattic, Inc., the defendant in the underlying Northern District action.

DreamHost opposes, arguing that the documents it has produced make clear that WP Engine overstates Rodriguez's involvement and that those same documents make clear that WP Engine has already received the documents it seeks. According to DreamHost, those documents show that other DreamHost custodians were the principal points of contact between DreamHost and Automattic generally and Mullenweg specifically. For instance, at one point Dallas Kashuba tells another DreamHost custodian that "[Mullenweg] always talks directly to me," suggesting that collection of Kashuba's records will capture the relevant communications between DreamHost and Automattic.

Based on my review of the exhibits submitted by WP Engine, I am not persuaded that it has shown that adding Rodriguez as a custodian is warranted. I remain concerned—and DreamHost is always quick to assert—that DreamHost is not a party to this matter, and as such should be protected from undue burden and expense. See Fed. R. Civ. P. 45(d)(1), (3)(A). Accordingly, WP Engine's request that DreamHost be ordered to add Rodriguez as a custodian is **DENIED**.